UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

Calibrate Networks LLC,

               Plaintiff,

vs.

Lee Hecht Harrison LLC,

               Defendant.

Case No. 2:25-cv-1075

Patent Case

---

## DEFENDANT LEE HECHT HARRISON LLC'S MOTION TO DISMISS

---

Defendant Lee Hecht Harrison LLC ("LHH"), improperly named herein, the correct entity being LHH Recruitment Solutions, Inc., respectfully moves to dismiss the Complaint (Dkt. 1) filed by Plaintiff Calibrate Networks LLC ("Calibrate"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, because the Complaint does not (and cannot) allege any facts that plausibly constitute direct or indirect infringement of U.S. Patent No. 9,584,633 ("the '633 Patent") by LHH.

## I.   INTRODUCTION

This lawsuit is premised entirely on a fundamental misunderstanding of LHH's business and conduct. LHH is a staffing and talent-placement agency. It does not develop software, operate Kubernetes infrastructure, or engage in any cloud-native computing activities. Yet the Complaint alleges that LHH infringes the '633 Patent because it posted a job description on its website on behalf of one of its clients. The job description referenced Kubernetes as a skill requirement for a software engineering position at the client's company. Calibrate's theory appears to be that by posting that job description, LHH necessarily uses or

operates Kubernetes and therefore practices the claimed invention. This leap is entirely unsupported by factual allegations in the Complaint and is implausible on its face.

The Complaint does not identify any LHH product, service, system, or technology that could plausibly infringe the '633 patent. It does not allege that LHH uses Kubernetes, that it performs any of the claimed method steps, or that it sells, offers to sell, or imports any accused technology. Instead, the Complaint relies solely on a job posting written for a third-party employer and a claim chart (Exhibit 2) that maps the functionalities of Kubernetes—not any LHH system—to the limitations of the patent. A job advertisement is not an act of patent infringement under any theory recognized by 35 U.S.C. § 271.

Because the Complaint does not allege facts showing that LHH engaged in any conduct constituting direct or indirect infringement, dismissal is required. Furthermore, dismissal should be with prejudice, because LHH does not engage in any conduct that could be alleged to infringe the asserted patent.

## II. ISSUES TO BE DECIDED BY THE COURT

1. Whether Calibrate plausibly alleges direct infringement of the '633 Patent based on LHH's posting of a job description for its client.

2. Whether Calibrate plausibly alleges viable claims of indirect and willful infringement.

## III. STANDARD FOR PLEADING PATENT INFRINGEMENT

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court considers "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bot M8 LLC v. Sony Corp. of Am.,* 4 F.4th 1342, 1352 (Fed. Cir. 2021).

A complaint for patent infringement must "place the alleged infringer on notice as to what he must defend." *Keranos, LLC. v. Analog Devices, Inc.*, No. 2:10-cv-207-TJW, 2011 WL 4027427, at *5 (E.D. Tex. Sept. 12, 2011).

"To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.,* No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019). "The adequacy of the facts pleaded depends on the breadth and complexity of both the asserted patent and the accused product or system and the nature of the defendant's business activities." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013). Under any standard, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)).

A plaintiff may fail to plausibly state a claim where (1) the infringement allegation rests on an implausible claim construction, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018), or (2) the factual allegations are actually inconsistent with and contradict infringement. *Bot M8 LLC*, 4 F.4th at 1354.

A claim for willful infringement requires plausible allegations that the accused infringer knew of the asserted patent and intentionally or knowingly acted despite the known risk of infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). Likewise, both induced and contributory infringement claims require plausible allegations that the accused infringer knew of the asserted patent and that the accused acts constituted infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639-40 (2015).

## IV.    ARGUMENT

### 1.    The Complaint Fails to Identify Any Accused Product or Conduct by LHH

The Complaint does not identify a single LHH product, system, or method that allegedly infringes the '633 Patent. Although it refers to "Exemplary Defendant Products" in the claim chart, Compl. ¶ 11 (Dkt. 1), the Complaint does not specify what those products are. Exhibit 2 does not identify any LHH technology; instead, it maps the technical behavior of Kubernetes, an open-source container orchestration platform, to the claim limitations. The Complaint does not allege that LHH uses Kubernetes at all. Rather, the only factual allegation tying LHH to Kubernetes is that LHH posted a job description for a client position that required Kubernetes experience.

A job posting for a third-party employer is not a product, is not a system, and is not an accused instrumentality. It does not create a plausible inference that LHH itself uses Kubernetes or practices the claimed invention. Calibrate is required to articulate how the accused instrumentality works and why it infringes. Calibrate is not allowed to rely on

speculation based on a job advertisement. Because LHH is not alleged to use Kubernetes or any related technology, and because no accused instrumentality is identified, the Complaint fails to state a claim for infringement of the '633 Patent.

### 2.    Calibrate Fails to State a Claim for Direct Infringement

Direct patent infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States … during the term of the patent therefor." 35 U.S.C. § 271(a). For systems claims, a defendant must "combine all of the claim elements" to make the patented system. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*, 631 F.3d 1279, 1288 (Fed. Cir. 2011).

A plaintiff alleging direct infringement must plead facts that show the defendant "makes, uses, offers to sell, or sells" a complete patented invention. 35 U.S.C. § 271(a). "Direct infringement by 'use' of a claimed system requires use of each and every element of the system." *Synchronoss Techs. v. Dropbox, Inc.*, 987 F.3d 1358, 1369 (Fed. Cir. 2021) (quoting *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*, 631 F.3d 1279, 1288 (Fed. Cir. 2011)). "[T]o 'use' a system for purposes of infringement, a party must put the invention into service, i.e., control the system as a whole and obtain benefit from it." *Centillion*, 631 F.3d at 1284. Similarly, infringement by "making" or "selling" a system requires a complete infringing system: "one may not be held liable under § 271(a) for 'making' or 'selling' less than a complete invention." *Synchronoss*, 987 F.3d at 1368. In order to "make" a system under § 271(a), a defendant must "combine all of the claim elements."

Here, the sole factual basis for Calibrate's assertion that LHH infringes U.S. Patent No. 9,584,633 is that LHH posted a job description for a client's software engineering role that referenced Kubernetes skills. In support of Calibrate's direct infringement claim, the Complaint alleges that LHH infringes by "making, using, offering to sell, selling and/or

importing "Exemplary Defendant Products" identified in the attached chart. *See* Dkt. 1, Compl. ¶ 11, Page 2–3.  However, the Complaint identifies no product sold, offered for sale, or imported by LHH, only references Exhibit 2 and a job description mentioning Kubernetes. A job description LHH, as a staffing firm, posted for its client. The Complaint does not allege that LHH operates Kubernetes clusters, deploys containers, assigns pod hostnames, or engages in any cloud-native operations. LHH merely posts job descriptions written for other companies. Posting a job description for someone else's position is not an act of direct, induced, or contributory infringement under 35 U.S.C. § 271.

Calibrate fails to allege sufficient facts to support a claim that LHH uses, makes, sells, offers to sell, or imports any Kubernetes technology. Calibrate also fails to allege sufficient facts to support a claim that LHH performs any element of any asserted claim. Rather, the Complaint improperly equates posting a job listing with "using" the patented technology. That position is contrary to binding Federal Circuit law and cannot survive Rule 12. Dismissal is therefore warranted.

In sum, Calibrate makes no factual allegations that even remotely suggest that LHH, a staffing firm, makes, uses, offers to sell, or sells any products, much less products that infringe the '633 Patent. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). As such, Calibrate's direct infringement pleadings are constructed upon a fatally flawed foundation and begs the question of whether Calibrate performed a thorough pre-suit investigation, as required by the Federal Rules, to craft a plausible infringement theory before filing its complaint. *See* Fed. R. Civ. P. 11; *id*. at 678–79 ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions*."); see also Ruby Sands LLC v. Am. Nat'l Bank of Tex*., No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (E.D*. Tex.

June 28, 2016) (dismissing complaint for failure to state a claim where "Ruby Sands makes no factual allegations that even remotely suggest that CNB, a bank, makes, uses, offers to sell, or sells mobile devices").

### 2.    Calibrate Fails to State a Claim for Willful Infringement

A plaintiff alleging willful patent infringement must "allege facts plausibly showing that the accused infringer: '(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.' " *Id.* Importantly, "[m]ere knowledge of the Asserted Patents is not enough" to establish knowledge of infringement. *Id.* at 777.

The Complaint merely states that service of the Complaint constitutes actual knowledge of the infringement as alleged therein. Dkt. 1, Complt. ¶ 13. The Complaint further alleges that LHH continues to sell the "Exemplary Defendant Products" and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '633 Patent, again relying on Exhibit 2. *Id.* at ¶ 14. As detailed above, Exhibit 2 does not show any product sold by LHH nor does it depict product literature or website materials inducing anyone to use any products. Exhibit 2 simply shows job postings by LHH for its client's positions, which does not support the asserted claim. Further, the Complaint recites no factual allegations showing that LHH knew, or should have known, that its conduct of posting a job for its client amounts to infringement of the patent – because it does not. Accordingly, Calibrate's willful infringement claim should be dismissed, with prejudice.

### 3.    Calibrate Fails to State a Claim for Induced Infringement

To state a claim for induced infringement, Calibrate must first identify an act of direct infringement. *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304–05 (Fed. Cir.

Page 7 of 10

2002). Further, the complaint must plausibly plead that the defendant (1) knew of the patent; (2) knowingly induced the infringing acts; and (3) possessed a specific intent to encourage another's infringement of the patent. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *See BillJCo, LLC v. Apple Inc.*, No. 6:21-cv-00528-ADA, 2022 WL 299733, at *7 (W.D. Tex. Feb. 1, 2022).

Here, the Complaint fails to adequately plead an act of direct infringement, and both knowledge of the asserted patents and a specific intent to encourage infringement. The Complaint alleges LHH induced infringement by selling "Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '633 Patent." Dkt. 1, Complt. ¶ 15, Page 3-4. The Complaint cites to Exhibit 2 in support of the allegation, claiming that Exhibit 2 shows that the "Exemplary Defendant Products" practice the technology claimed in the '633 Patent. However, as mentioned above, Exhibit 2 is simply screenshots of job postings for LHH's client for Application Software Developer and Cloud Native Engineer positions, not any product used or sold by LHH. Thus, it remains that the Complaint is devoid of any allegations that LHH know of the patent or aided, instructed, promoted, encouraged, or otherwise acted with the intent to cause other parties to infringe the patent at issue. Accordingly, Calibrate's induced infringement claim should be dismissed with prejudice.

### 4.   Dismissal Should Be With Prejudice Because Amendment Would Be Futile

The Complaint should be dismissed with prejudice because any amendment would be futile. *Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360, 364 (5th Cir. 2012). Calibrate has pleaded its best case, and no amount of amending can change that LHH does not use Kubernetes, does not develop cloud-native systems, and does not engage in any conduct that could infringe the '633 Patent. The job postings referenced in the Complaint were written for

LHH's clients, not for LHH, and do not reflect any technology owned or operated by LHH. Because Calibrate cannot cure the Complaint's deficiencies through amendment, dismissal with prejudice is warranted. *See Grecia Est. Holdings LLC v. Meta Platforms, Inc*., No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *8 (W.D. Tex. June 6, 2022) (dismissing inadequately pled patent infringement complaint with prejudice); *Soar Tools, LLC v. Mesquite Oil Tools, Inc*., No. 5:19-CV-243-H, 2021 WL 3030066, at *11 (N.D. Tex.) (same).).

## V.    CONCLUSION

Calibrate's Complaint attempts to convert an ordinary job posting prepared by LHH solely in its capacity as a staffing and placement agency for a third-party employer into a basis for federal patent litigation. The pleading identifies no LHH product, system, or technology; alleges no conduct by LHH that could possibly satisfy any limitation of the asserted claims; and relies exclusively on a job advertisement that, as a matter of law, cannot constitute "making," "using," "selling," or "offering to sell" a patented invention under 35 U.S.C. § 271. The Complaint likewise fails to allege the essential elements of induced infringement, contributory infringement, or willful infringement, as it pleads neither pre-suit knowledge nor any factual basis for intent, affirmative acts, or egregious post-suit misconduct.

These are not technical pleading deficiencies. They reveal that Calibrate has no good-faith factual basis to assert that LHH infringes the '633 Patent at all. Because LHH does not make, use, or operate any accused technology, and because the only conduct alleged cannot constitute infringement, amendment would be futile. Accordingly, LHH respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice, and grant such further relief as the Court deems just and proper.

Respectfully submitted,


GORDON REES SCULLY MANSUKHANI, LLP

By: _Cristina Guerrero_
     **Cristina Guerrero**
     Texas Bar No. 24058860
     1900 West Loop South, Suite 1000
     Houston, TX 77027
     cguerrero@grsm.com
     713-228-7019

     *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

This is to certify that on Monday, December 8, 2025, a true and correct copy of the foregoing was filed with the court's ECF, which automatically sent a copy of same to all counsels of record.


/s/ _Cristina Guerrero_
Cristina Guerrero