**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CALIBRATE NETWORKS LLC, *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-01075-JRG |
| LEE HECHT HARRISON LLC, *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Rule 12(b)(6) Motion To Dismiss Plaintiff's First Amended Complaint for Patent Infringement (the "Motion") filed by Defendant Lee Hecht Harrison LLC ("Defendant"). (Dkt. No. 22).[1] Having considered the Motion and all related briefing, the Court finds that it should be and hereby is **GRANTED AS MODIFIED**.

## I. BACKGROUND

Plaintiff Calibrate Networks LLC ("Plaintiff") (together with Defendant, the "Parties") filed the above-captioned case against Defendant on October 28, 2025, asserting infringement of U.S. Patent No. 9,584,633 ("the '633 Patent"). (Dkt. No. 1). Defendant first moved to dismiss Plaintiff's initial complaint on December 8, 2025. (Dkt. No. 9). Since then, Plaintiff filed its First Amended Complaint (the "FAC") on January 12, 2026. (Dkt. No. 13). The FAC does not assert any additional patents. (*Id*. at 2). The FAC remains operative in the above-captioned case and is the subject of the instant Motion, filed on January 26, 2026. (Dkt. No. 22).

[1] Defendant represents that it is improperly named in the above-captioned case and instead should be named as "LHH Recruitment Solutions, Inc." (Dkt. No. 22 at 1).

## II. LEGAL AUTHORITY

### A. 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663 (citing *Twombly*, 550 U.S. at 570). This plausibility requirement does not require that a plaintiff prove its case at the pleading stage, but it "'calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged.'" *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). The Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.*

### B. Direct Infringement

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). For method claims, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or

attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*).

## III. ANALYSIS

Defendant asserts that Plaintiff has failed to adequately allege direct infringement, willfulness, and indirect infringement. (Dkt. No. 22). Defendant also requests that the Court dismiss the FAC with prejudice because Plaintiff failed to cure the identified defects after the original motion to dismiss. (*Id*. at 13). The Court addresses each argument in turn.

### A. Direct Infringement

The entirety of the FAC's allegations as to Direct Infringement is contained within two paragraphs. (Dkt. No. 13 ¶¶ 11-12). Such paragraphs plead only bare legal conclusions except where (1) Plaintiff incorporates an "[e]xemplary" claim chart by reference and (2) Plaintiff alleges that Defendant "[has] its employees internally test and use" the accused products. (*Id.*). Plaintiff's claim chart purports to map method Claim 1 of the '633 Patent against the "accused instrumentality," which Plaintiff does not identify by name. (Dkt. No. 13-2). Indeed, Plaintiff does not appear to accuse any specific product; rather Plaintiff identifies the "accused instrumentalities" as "containerization technologies such as Kubernetes." (*Id.*).

Defendant asserts the failure to "describe any LHH-owned or LHH-operated software, platform, or system" is fatal. (Dkt. No. 22 at 5). Specifically, Defendant argues that Plaintiff's current evidence, "job postings, third-party documentation, and general descriptions of Kubernetes functionality untethered to any [Defendant] conduct," does not sufficiently support the FAC's Direct Infringement allegations. (*Id.* (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021)). Defendant contends that Plaintiff's evidence boils down to job posting requiring the general use of Kubernetes, a third party's technology, without identifying any system or instrumentality actually owned and used by Defendant. (*Id.* at 5-7). Moreover, those job postings

"describe positions [Defendant] was recruiting to fill for third-party employers. They describe the duties of the role at the hiring company, not activities performed by [Defendant] itself." (Dkt. No. 31 at 2).

Plaintiff responds that Defendant's alleged use of Kubernetes is exactly its evidence of infringement. (Dkt. No. 30 at 3-4). Plaintiff highlights that the cited job postings depict roles which would require potential employees to "[u]tilize containerization technologies (e.g., Docker, Kubernetes) for deployment." (*Id.* (citing Dkt. No. 13-2) (alterations in original)). Plaintiff contends the reasonable inference from such evidence it that Defendant "utilizes Kubernetes-based systems in its operations, and through its placement activities." (*Id.* at 4). However, Plaintiff does not directly address Defendant's claim that these are job postings for third-party companies. Instead, Plaintiff simply contends that it has plausibly pled infringement because it claims Defendant's employees use the system—not that Defendant recruits for third parties to do so. (Dkt. No. 32 at 3 ("These are not allegations of recruiting activity. They are direct allegations that LHH's employees personally used and performed each step of the claimed method.").

For method claims, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs.*, 797 F.3d at 1022.[2] The Court finds that the FAC fails to adequately allege who is performing each step of the claimed method. Plaintiff's claim charts include screenshots from only third-parties—with the singular exception of what appears to be the home page of Defendant's website—and explanations of what the third-party technology does, ending with an allegation that "Defendant and its employees have performed this step of the claimed method when they have '[u]tilized containerization technologies' such as 'Kubernetes' for deployment, and in demonstrating

[2] The latter circumstance is often referred to as divided infringement. *See Akamai Techs.*, 797 F.3d at 1022. Here, Plaintiff does not allege divided infringement.

proficiency in such technologies for purposes of employment and/or placement of such employees." (Dkt. No. 13-2). Plaintiff's factual allegations that actually pertain to Defendant are that (1) Defendant utilized containerization technologies including Kubernetes and (2) Defendant's employees have internally tested and used Kubernetes. (Dkt. No. 13 at 3); (Dkt. No. 13-2). However, Plaintiff does not dispute that both these allegations are based on evidence pertaining to job postings for third-parties requiring the use of third-party technology. Plaintiff's FAC offers no explanation as to why job postings for third-party companies, requiring use of third-party technology, is performed by Defendant.

The Court cannot make a plausible inference of direct infringement based on the facts pled in the FAC. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do (citation omitted)."); *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). "Instead, the Court is left to wonder whether [Plaintiff] performed a thorough pre-suit investigation, as required by the Federal Rules, to craft a plausible infringement theory before filing its complaint." *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016); *see also* Fed. R. Civ. P. 11; *id.* at 678–79 ("Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

**B. Willful Infringement; Indirect Infringement**

Since Plaintiff has not adequately pled direct infringement, there can be no adequate pleading of willfulness that would enhance damages from any such infringement. *See* 35 U.SC. §

284. Likewise, where a plaintiff has not adequately pled an underlying act of direct infringement, the court must dismiss theories of indirect infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 & n.3 (2014) (explaining that "inducement liability may arise if, but only if, there is direct infringement," and declining to distinguish contributory infringement and inducement "for these purposes" because they "spring from common stock") (cleaned up). "It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (citation and internal quotation marks omitted). Since the Court has found that Plaintiff failed to sufficiently plead direct infringement, the Court finds that Plaintiff has also failed to sufficiently plead willfulness and indirect infringement.

**C. Dismissal With Prejudice**

Plaintiff may only amend its FAC with the Court's leave. Fed. R. Civ. P. 15(a)(2). As Rule 15 instructs, "the court should freely give leave when justice so requires." *Id*. A district court must possess a "substantial reason" to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The Fifth Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Id*.

Defendant addresses only the third and fifth factors. It asserts that "[r]ather than identifying an accused [Defendant] system or alleging facts showing infringement, Plaintiff chose to expand rhetoric and exhibits while preserving the same legally deficient theory and making absolutely no substantive changes to its pleading." (Dkt. No. 22 at 13). Defendant also argues that amendment would be futile because "Plaintiff's theory attributes the technical work of a third-party employer

to a recruiting company. Even accepting the pleaded facts as true, posting job advertisements cannot constitute performing a patented communication method." (Dkt. No. 31 at 8).

Plaintiff addresses only futility. Plaintiff asserts that it "can identify several categories of additional factual allegations that could further support its claims, including but not limited to, additional factual detail regarding [Defendant]'s internal use of Kubernetes and containerization technologies, to the extent such detail may be obtained through public sources." (Dkt. No. 30 at 9). Plaintiff's response is concerning because it seems to concede it has not conducted a fulsome review of public information.

Regardless, the Court finds it too early to dismiss with prejudice. The failure of the operative complaint to state a plausible claim for relief, after only one amendment, does not strongly suggest that there is no possibility Plaintiff can plausibly allege infringement if given a further chance to amend its complaint. Defendant does not assert it would be unduly prejudiced, or that there has been undue delay from Plaintiff thus far in the case. The Court does not find that a single amendment constitutes a "repeated failure" to cure deficiencies by previous amendments. While it is Defendant's position that it does not infringe the '633 Patent based on Plaintiff's current evidence, that alone is not enough to demonstrate that any further amendment to the FAC would be futile. Accordingly, Defendant's request for dismissal with prejudice is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, the Court finds the Motion should be and hereby is **GRANTED AS MODIFIED**. Plaintiff's FAC (Dkt. No. 13) is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is **GRANTED LEAVE TO AMEND** its complaint to address the defects discussed above. Plaintiff is granted leave to file a Second Amended Complaint addressing these issues within fourteen (14) days of this Order.

**So ORDERED and SIGNED this 18th day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE